AO 102 (01/09) Application for a Tracking Warrant

**SEALED**

# UNITED STATES DISTRICT COURT
for the
District of Nebraska

FILED
US DISTRICT COURT
DISTRICT OF NEBRASKA
MAY 24 2017
OFFICE OF THE CLERK

In the Matter of the Tracking of )
*(Identify the person to be tracked or describe* )
*the object or property to be used for tracking)* )
) Case No.  8:17MJ155
2017 SILVER DODGE RAM PICKUP TRUCK, )
License Plate: UPF208, (VIN):1C6RR7LT9DS533395 )

## APPLICATION FOR A TRACKING WARRANT

I, a federal law enforcement officer or attorney for the government, have reason to believe that the person, property, or object described above has been and likely will continue to be involved in one or more violations of  21  U.S.C. §  841, 846  . Therefore, in furtherance of a criminal investigation, I request authority to install and use a tracking device or use the tracking capabilities of the property or object described above to determine location. The application is based on the facts set forth on the attached sheet.

- ☑ The person, property, or object is located in this district.
- ☐ The person, property, or object is not now located in this district, but will be at the time of execution.
- ☐ The activity in this district relates to domestic or international terrorism.
- ☐ Other:

The tracking will likely reveal these bases for the warrant under Fed. R. Crim. P. 41(e): *(check one or more)*

- ☑ evidence of a crime;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☐ a person to be arrested or a person who is unlawfully restrained.

☑ I further request, for purposes of installing, maintaining or removing the tracking device, authority to enter the following vehicle or private property, or both:
2017 SILVER DODGE RAM PICKUP TRUCK, License Plate: UPF208, (VIN):1C6RR7LT9DS533395

☑ Delayed notice of  30  days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

SA Anthony Winkler, ATF
*Applicant's printed name and title*

Sworn to before me and signed in my presence.

Date:  5/24/2017

*Judge's signature*

City and state:  Omaha, Nebraska

F.A. Gossett, III, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION ) <br> OF THE UNITED STATES OF AMERICA ) <br> FOR A WARRANT AUTHORIZING THE ) <br> INSTALLATION AND MONITORING OF A ) <br> TRACKING DEVICE IN OR ON A 2017 ) <br> SILVER DODGE RAM PICKUP TRUCK ) <br> NEBRASKA LICENSE PLATE UPF208 ) <br> VIN# 1C6RR7LT9DS533395 ) | 8:17MJ155 <br><br><br> **Filed Under Seal** |

## AFFIDAVIT AND APPLICATION FOR A WARRANT
## AUTHORIZING USE OF A MOBILE TRACKING DEVICE

1. I, Anthony Winkler, a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), being duly sworn, depose and state:

2. This Affidavit and Application is being submitted to obtain a Warrant authorizing the use of mobile tracking device in or on a 2017 silver Dodge Ram 1500 SLT pickup truck, bearing Nebraska license plate UPF208 and VIN# 1C6RR7LT9DS533395 (subject vehicle), registered to Rita SCOTT at 12963 Lark St., Omaha, Nebraska. Based on my training and experience it is common for narcotics traffickers to title assets in relatives names in order to avoid detection. Upon information and belief, the subject vehicle is presently being used to facilitate the distribution of marijuana in violation of Title 21, United States Code, Sections 841 and 846.

3. Your Affiant states that there is probable cause to believe that the use of a mobile tracking device in or on the subject vehicle will lead to evidence of the aforementioned offenses as well as the identification of individuals who are engaged in the commission of those offenses and related crimes.

4. The source of your Affiant's information and the grounds for his belief are as follows:

5. I, Anthony Winkler, am a Special Agent (SA) with the ATF. I am a law enforcement officer of the United States within the meaning of Title 18, United States Code (USC), Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for offenses enumerated in Title 18, USC, Section 2516. I have been so employed by the ATF since 2016. I attended the Special Agent Basic Training program at the ATF National Academy and the Criminal Investigator Training Program at the Federal Law Enforcement Training Center. I have been assigned to the ATF Omaha Field Office since 2016, where I have participated in and conducted investigations involving narcotics activities. These investigations have resulted in arrests of individuals who have smuggled, received, and distributed controlled substances, including methamphetamine, cocaine, and marijuana, as well as the seizure of controlled substances and the proceeds of the sale of those controlled substances. In addition, I have conducted investigations concerning the concealment of narcotics proceeds, including assets, monies, and bank records, and the identification of co-conspirators through the use of drug ledgers, phone records, bills, photographs, and financial records.

6. I have participated in investigations involving the use of body recordings and video surveillance. I have also participated in and executed numerous search and seizure warrants authorizing the search of locations of drug traffickers and their co-conspirators and vehicles used to transport controlled substances. Materials searched for and recovered in these locations have included controlled substances, packaging materials, scales, cutting agents, weapons, documents and papers reflecting the identity of co-conspirators, and receipts for concealed investments and proceeds derived from the distribution of controlled substances. During these investigations, I have participated in interviewing witnesses and cooperating sources regarding illegal trafficking in drugs and I have read official reports of similar interviews by other officers.

7. I am familiar with the methods in which narcotics traffickers conduct their business,

including, but not limited to, their methods of importing, and distributing narcotics, their use of mobile telephones, their use of businesses, houses, and other facilities in which narcotics are stored and meetings are conducted, and their use of numeric codes and code words to conduct their narcotics transactions.

8. On May 23th, 2017, an ATF confidential informant (CI) contacted Christopher HICKS (black male 4/18/1993) and arranged the purchase of narcotics. On the afternoon of May 23th, 2017, the CI met with HICKS in the parking lot of Valentinos Pizza located at 10190 N. Maple St, Omaha, Nebraska. HICKS and Dreshaun BURNS (black male, DOB 11/04/1993) arrived in a silver Dodge Ram pickup with Nebraska license plate UPF208 (This vehicle is registered to Rita SCOTT at 12963 Lark Street, Omaha, NE) SCOTT is believed to be HICK's mother. The CI got into the Dodge Ram with HICKS and BURNS, and they sold a pound of marijuana to the CI for $3,000 in US currency.

9. In order to track the movement of the subject vehicle effectively and to decrease the chance of detection, your affiant requests that the Court issue an Order authorizing members of the ATF or their authorized representatives, including but not limited to other law enforcement agents and technicians assisting in the above-described investigation, to install a mobile tracking device in or on the subject vehicle while they are in the District of Nebraska, and thereafter to repair, replace and remove them. Your affiant believes the mobile tracking device will lead to evidence of the aforementioned offenses as well as to the identification of individuals who are engaged in the commission of these offenses and related crimes. To ensure the safety of the executing officer(s) and to avoid premature disclosure of the investigation, it is requested that the court authorize installation and removal of the tracking device during both daytime and nighttime hours. The subject vehicle is most often parked in an area highly visible to HICKS and his neighbors at an apartment complex. Your affiant believes that given the location where the subject vehicle is parked, permitting the installation, removal, and/or any repairs of the tracking device during the night will decrease the possibility that the investigation will be

compromised by the subjects of this investigation learning that they are being investigated. Moreover, because the subject vehicle is typically parked in an area visible by several residences, permitting the installation, removal, and/or any repairs of the tracking device at night will be safer for the officers by decreasing the chance that they will be discovered and also decrease the possibility of a confrontation.

10. In the event that the Court grants this Affidavit and Application, there will be periodic monitoring of the mobile tracking device during both daytime and nighttime hours for a period of forty five (45) days. In addition, the mobile tracking device may produce signals from inside private garages or other such locations not open to public or visual surveillance.

11. It is requested that the Warrant and the Affidavit and Application in support thereof, as they reveal an ongoing investigation, be sealed until further order of the Court in order to avoid premature disclosure of the investigation, guard against the flight of fugitives, and better ensure the safety of agents and others, except the copies of the warrant in full or redacted form may be maintained by the United States Attorney's Office, and may be served on Special Agents and other investigative and law enforcement officers of the ATF, federally deputized state and local law enforcement officers, and other government and contract personnel acting under the supervision of such investigative or law enforcement officers, as necessary to effectuate the warrant.

12. In accordance with 18 U.S.C. 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), your Affiant also requests that the Court authorize the Government to delay notice of the execution of the Warrant for thirty (30) days after the end of the authorized period of tracking (including any extensions thereof). If HICKS and/or BURNS or others were to learn of the tracking device, it would disclose to HICKS and/or BURNS that they are under investigation. Based upon my training and experience, I believe that this would cause HICKS and/or BURNS to alert his co-conspirators and coordinate an effort to destroy evidence, such as narcotics, drug ledgers, or the proceeds of narcotics transactions, and/or flee the jurisdiction. Notice should be delayed so as to avoid

seriously jeopardizing the ongoing criminal investigation involving HICKS and/or BURNS and other unknown persons.

13. Wherefore, your Affiant requests that the Court issue a Warrant authorizing members of the ATF or their authorized representatives, including but not limited to other law enforcement agents and technicians assisting in the above-described investigation, to install mobile tracking device(s) in or on the subject vehicle within the District of Nebraska within ten (10) calendar days of the issuance of the requested Warrant; to repair and replace the tracking device, and to remove the tracking device from the subject vehicle after the use of the tracking device has ended; and to monitor the signals from the tracking device for a period of forty-five (45) days following the issuance of the Court's Order, including signals produced inside private garages and other locations not open to public or visual surveillance, and signals produced in the event that the subject vehicle leave the District of Nebraska but remains within the United States.

Anthony Winkler, Special Agent
ATF

Sworn to and subscribed before me on this **24** day of May, 2017.

F.A. Gossett, III
United States Magistrate Judge

AO 104 (Rev. 11/13) Tracking Warrant

# SEALED UNITED STATES DISTRICT COURT
for the
District of Nebraska

| | |
|---|---|
| In the Matter of the Tracking of<br>*(Identify the person, property, or object to be tracked)*<br><br>2017 SILVER DODGE RAM PICKUP TRUCK,<br>License Plate: UPF208, (VIN):1C6RR7LT9DS533395 | )<br>)<br>)  Case No.  8:17MJ155<br>)<br>)<br>) |

## TRACKING WARRANT

To:    Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government shows there is reason to believe that the person, property, or object described above has been involved in and likely will continue to be involved in the criminal activity identified in the application, and ☑ is located in this district;   ☐ is not now located in this district, but will be at execution;   ☐ the activity in this district relates to domestic or international terrorism;   ☐ other:

I find that the affidavit(s), and any recorded testimony, establish probable cause to believe that *(check the appropriate box)* ☐ using the object    ☑ installing and using a tracking device to monitor the location of the person, property, or object will satisfy the purpose set out in Fed. R. Crim. P. 41(c) for issuing a warrant.

☑ I find entry into the following vehicle or onto the following private property to be necessary without approval or knowledge of the owner, custodian, or user of the vehicle or property for installing, maintaining, and removing the tracking device: 2017 SILVER DODGE RAM PICKUP TRUCK, License Plate: UPF208, (VIN):1C6RR7LT9DS533395

**YOU ARE COMMANDED** to execute this warrant and begin using the object or installing the tracking device by June 3, 2017   *(not to exceed ten days)* and may continue use for   45   days *(not to exceed 45)*. The tracking may occur within this district or another district. To install, maintain, or remove the device, you may enter *(check boxes as appropriate)*
☑ into the vehicle described above      ☐ onto the private property described above
☐ in the daytime 6:00 a.m. to 10:00 p.m.  ☑ at any time in the day or night because good cause has been established.

Within 10 calendar days after the use of the tracking device has ended, the officer executing this warrant must both return it to *(United States Magistrate Judge)*   F.A. Gossett, III   and — unless delayed notice is authorized below — serve a copy of the warrant on the person who, or whose property or object, was tracked.

☑ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property or object, will be tracked *(check the appropriate box)*
☑ for   30   days *(not to exceed 30)*    ☐ until, the facts justifying, the later specific date of

Date and time issued:   5/24/2017  2:40pm

                                                                                *Judge's signature*

City and state:   Omaha, Nebraska                F.A. Gossett, III U.S. Magistrate Judge
                                                                                *Printed name and title*

AO 104 (Rev. 11/13) Tracking Warrant (Page 2)

Case No. 8:17MJ155

## Return of Tracking Warrant With Installation

1. Date and time tracking device installed:

2. Dates and times tracking device maintained:

3. Date and time tracking device removed:

4. The tracking device was used from *(date and time)*:

   to *(date and time)*:

## Return of Tracking Warrant Without Installation

1. Date warrant executed:

2. The tracking information was obtained from *(date and time)*:

   to *(date and time)*:

## Certification

I declare under the penalty of perjury that this return is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
Executing officer's signature

_____
Printed name and title